UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
MERCEDES P.,

                      Plaintiff,       <u>DECISION AND ORDER</u>
                                            1:20-CV-08693-GRJ

      v.

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

     In April of 2018, Plaintiff Mercedes P.[1] applied for Supplemental

Security Income Benefits under the Social Security Act. The Commissioner

of Social Security denied the application.  Plaintiff, represented by Seward

& Kissel, LLP, Jack Yoskowitz, Esq., of counsel, commenced this action

seeking judicial review of the Commissioner's denial of benefits under 42

U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction

of a United States Magistrate Judge. (Docket No. 26).

     This case was referred to the undersigned on October 25, 2022.

Presently pending are the parties' Motions for Judgment on the Pleadings

under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 20,

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil
Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court
Administration and Case Management of the Judicial Conference of the United States.

37). For the following reasons, Plaintiff's motion is due to be denied, the

Commissioner's motion is due to be granted, and this case is dismissed.

## I. BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on April 18, 2018, alleging disability

beginning August 22, 2016. (T at 15).[2]  Plaintiff's application was denied

initially and on reconsideration.  She requested a hearing before an

Administrative Law Judge ("ALJ").  A hearing was held on July 1, 2019,

before ALJ Miriam Shire. (T at 36-72). Plaintiff appeared with an attorney

and testified with the assistance of an interpreter. (T at 42-65). The ALJ

also received testimony from Brian Daly, a vocational expert. (T at 66-71).

### B.    ALJ's Decision

On July 26, 2019, the ALJ issued a decision denying the application

for benefits. (T at 9-31).  The ALJ found that Plaintiff had not engaged in

substantial gainful activity since April 18, 2018 (the date she applied for

benefits). (T at 17).  The ALJ concluded that Plaintiff's fibromyalgia, right-

sided carpal tunnel syndrome, benign positional vertigo, sleep apnea,

headaches, and affective disorder were severe impairments as defined

under the Social Security Act. (T at 17).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 16

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 18).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 416.967(b), with the following limitations:

She cannot be exposed to unprotected heights or dangerous moving machinery, and she cannot operate a motor vehicle. She can frequently handle, finger, and feel with her right dominant hand, and occasionally climb, stoop, crouch, and crawl. Plaintiff needs to hold a cane in her right hand when walking. She is limited to performing a simple job that requires only occasional changes in the workplace. Plaintiff needs the flexibility to take unscheduled breaks, although the breaks will not exceed the amount of time that an employee normally would have for a break. (T at 21).

The ALJ concluded that Plaintiff could not perform her past relevant work as fast-food worker. (T at 25).

However, considering Plaintiff's age (51 on the application date), education (high school, able to communicate in English), work experience, and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform.  (T at 26).  As

such, the ALJ found that Plaintiff had not been under a disability, as defined

under the Social Security Act, and was not entitled to benefits for the period

between April 18, 2018 (the application date) and July 26, 2019 (the date of

the ALJ's decision). (T at 27).  On August 21, 2020, the Appeals Council

denied Plaintiff's request for review, making the ALJ's decision the

Commissioner's final decision. (T at 1-8).

### C.    Procedural History

Plaintiff commenced this action, by and through her counsel, by filing

a Complaint on October 15, 2020. (Docket No. 2).  On April 28, 2021, the

Commissioner filed a motion for judgment on the pleadings, supported by a

memorandum of law. (Docket No. 20, 21).  Plaintiff interposed a cross-

motion for judgment on the pleadings, supported by a memorandum of law,

on May 27, 2022. (Docket No. 37, 38).  On June 17, 2022, the

Commissioner submitted a reply memorandum of law in further support of

her motion. (Docket No. 39).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a

claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999).

The court's review is limited to "determin[ing] whether there is substantial

evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.     *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff raises two main arguments in support of her request for reversal of the ALJ's decision.  First, she contends that the ALJ erred in discounting her credibility.  Second, Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence.  This Court will address both arguments in turn.

### A.    Credibility

A claimant's subjective complaints of pain and limitation are "an important element in the adjudication of [social security] claims, and must

be thoroughly considered in calculating the [RFC] of a claimant." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted); *see also* 20 C.F.R. § 416.929.

Importantly, however, "the ALJ is … not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citations omitted). Rather, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of other evidence in the record." *Id*. (citation omitted); *see also Henningsen v. Comm'r of Soc. Sec*., 111 F. Supp. 3d 250, 267 (E.D.N.Y. 2015) ("The ALJ retains discretion to assess the credibility of a claimant's testimony regarding disabling pain and 'to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.'" (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979))).

The ALJ follows a two-step process in evaluating a claimant's credibility.  First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier*, 606 F.3d at 49 (citation omitted).

Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective

medical evidence and other evidence of record." *Id*. (citation, alterations, and quotation marks omitted). The ALJ must "consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, No. 13-CV-3285, 2014 U.S. Dist. LEXIS 121156, at *36 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)).

If the claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 184.

This inquiry involves seven (7) factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii)).

If the ALJ discounts the claimant's credibility, the ALJ "must explain the decision to reject a claimant's testimony "with sufficient specificity to enable the [reviewing] Court to decide whether there are legitimate reasons

for the ALJ's disbelief and whether [the ALJ's] decision is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 280 (S.D.N.Y. 2010)(alterations in original, citations omitted).

In the present case, Plaintiff testified as follows:

She was 53 at the time of the administrative hearing. (T at 42-43). She completed high school in the Dominican Republic. (T at 43). She can speak and understand English, but has limited ability to read and write in the language. (T at 43). She lives with her ten-year-old daughter. (T at 43). Plaintiff helps take her daughter to and from school, which involves using public transportation. (T at 44-45). She cannot carry anything or pick up heavy items. She performs limited household chores with difficulty. (T at 45, 46, 48). She wears a brace on her right hand due to carpal tunnel and arthritis. (T at 47). Injections were used to treat hand pain, but Plaintiff did not experience much relief; surgery has not been suggested. (T at 47).

Plaintiff takes Motrin for pain. (T at 48). She has stress-induced migraines once or twice a week, treated with Topamax, Motrin, and the use of a CPAP machine. (T at 55-57). She has fibromyalgia, treated with water therapy, which provides some relief. (T at 58-59). Plaintiff experiences depression, sometimes lasting for as long as a week. (T at 61). She is bothered by bright lights and is sometime debilitated by her migraines. (T at

63).  She uses a cane every day. (T at 64).  She cannot stand for 6 hours a day, cannot use her hands over the course of a workday, and cannot climb stairs. (T at 65).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but concluded that her statements concerning the intensity, persistence, and limiting effects of those symptoms were not fully credible. (T at 23).

Plaintiff challenges this conclusion, arguing primarily that the ALJ improperly demanded objective evidence of symptoms related to fibromyalgia, contrary to applicable case law.

The Court disagrees and finds the ALJ's decision to discount Plaintiff's credibility was supported by substantial evidence and was consistent with applicable law.

The Second Circuit has recognized that fibromyalgia is a "disease that eludes [objective] measurement." *Green-Younger v. Barnhart*, 335 F.3d 99, 108 (2d Cir. 2003). The condition's "cause or causes are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia." C*abibi v. Colvin*, 50 F. Supp. 3d 213, 233

11

(E.D.N.Y. 2014) (quoting *Sarchet v. Chater*, 78 F.3d 305, 306 (7th Cir. 1996)).

"[I]n stark contrast to the unremitting pain of which [fibromyalgia] patients complain, physical examinations will usually yield normal results— a full range of motion, no joint swelling, as well as normal muscle strength and neurological reactions." *Lisa v. Sec'y of Dep't of Health & Human Servs.*, 940 F.2d 40, 45 (2d Cir. 1991) (quoting *Preston v. Sec'y of Health & Human Servs.*, 854 F.2d 815, 817–18 (6th Cir. 1988)).

Notably, however, "mere diagnosis of fibromyalgia without a finding as to the severity of symptoms and limitations does not mandate a finding of disability …." *Rivers v. Astrue*, 280 F. App'x 20, 22 (2d Cir. 2008).

"[F]or purposes of the disability analysis, the mere diagnosis of fibromyalgia is not particularly significant; it is the severity of the fibromyalgia symptoms and the limitations caused thereby that matter most." *Maldonado v. Berryhill*, No. 16-CV-165 (JLC), 2017 WL 946329, at *22 (S.D.N.Y. Mar. 10, 2017)(quoting *Lasitter v. Astrue*, No. 12-CV-112 (JMC), 2013 WL 364513, at *9 (D. Vt. Jan. 30, 2013)).

Here, the ALJ recognized Plaintiff's fibromyalgia as a severe impairment and did not dismiss or discount the impairment based solely on the lack of objective clinical signs.  Rather, the ALJ relied on Plaintiff's

activities of daily living (which included caring for her daughter, light chores, and some shopping), her course of treatment (generally conservative), and the medical opinions of record.  (T at 21-25).

Dr. Ann Marie Finegan performed a consultative examination in June of 2018.  Dr. Fingean found Plaintiff mildly limited with respect to lifting, pushing, pulling, carrying, kneeling, crouching, and crawling. (T at 832).

In July of 2018, Dr. A. Saeed, a non-examining State Agency review consultant, opined that Plaintiff retained the RFC to perform light work. (T at 82).  Dr. Saeed found that Plaintiff could occasionally lift 20 pounds; frequently lift 10 pounds; stand/walk for 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; occasionally climb ramps, stairs, ladders, ropes, or scaffolds; and occasionally balance, stoop, kneel, crouch, and crawl. (T at 80-81).

The ALJ found Dr. Finegan's assessment consistent with the record and persuasive. (T at 24-25).  The ALJ considered Dr. Saeed's opinion partially persuasive, finding that the record supported the conclusion that Plaintiff had some manipulative limitations regarding her right hand, which the ALJ incorporated into the RFC determination. (T at 25).

The ALJ's assessment of Plaintiff's credibility, which took appropriate account of the fibromyalgia diagnosis, was supported by substantial

evidence (including medical opinion evidence) and consistent with the applicable requirements for addressing that condition.  *See Rivers*, 280 Fed App'x at 22; *Prince v. Astrue*, 514 F. App'x 18, 20 (2d Cir. 2013); *Christine M. R. v. Saul*, No. 3:19CV01752 (SALM), 2021 WL 129415, at *20 (D. Conn. Jan. 14, 2021); *Tamara M. v. Saul*, No. 3:19-CV-1138 (CFH), 2021 WL 1198359, at *13 (N.D.N.Y. Mar. 30, 2021).

There is no disagreement that Plaintiff suffers from some pain and limitation.  The ALJ did not dismiss Plaintiff's subjective complaints or the fibromyalgia diagnosis.  The ALJ recognized those complaints and recognized Plaintiff's diagnosis, but concluded that the record supported the conclusion that Plaintiff retained the RFC to perform a reduced range of light work. (T at 21).

"[D]isability requires more than mere inability to work without pain." *Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983). "Otherwise, eligibility for disability benefits would take on new meaning." *Id.*  Here, the ALJ offered specific support for the decision to discount Plaintiff's subjective complaints, including a reasonable reading of the treatment record, reliance on medical opinion evidence, and appropriate consideration of the activities of daily living.  This is sufficient to sustain the disability determination under the deferential standard of review applicable

here.  *See Stanton v. Astrue,* 370 Fed App'x 231, 234 (2d Cir. 2010)(stating that courts will not "second-guess the credibility finding . . . where the ALJ identified specific record-based reasons for his ruling"); *Hilliard v. Colvin*, No. 13 Civ. 1942, 2013 U.S. Dist. LEXIS 156653, at *48 (S.D.N.Y. Oct. 31, 2013)(finding that ALJ "met his burden in finding [subjective] claims not entirely credible because [claimant] remains functional in terms of activities of daily living and the objective medical evidence fails to support her claims of total disability based on pain").

      B.    RFC

A claimant's "residual functional capacity" ("RFC") is his or her "maximum remaining ability to do sustained work activities in an ordinary work setting on a continuing basis."  *Melville*, 198 F.3d at 52 (quoting SSR 96-8p).  When assessing a claimant's RFC, an ALJ must consider medical opinions regarding the claimant's functioning and make a determination based on an assessment of the record as a whole. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.9527(d)(2) ("Although we consider opinions from medical sources on issues such as ...your residual functional capacity...the final responsibility for deciding these issues is reserved to the Commissioner.").

Here, as discussed above, the ALJ found that Plaintiff retained the RFC to perform a reduced range of light work. (T at 21).

Plaintiff challenges the ALJ's RFC determination arguing that it did not adequately account for her limitations with respect to prolonged sitting and standing and impairment in using her hands.

The ALJ's conclusion that Plaintiff could perform a reduced range of light work, however, was supported by two medical opinions (Dr. Finegan and Dr. Saeed) and by a reasonable reading of the clinical findings, treatment record, and Plaintiff's activities of daily living. (T at 21-25). Moreover, the ALJ accounted for Plaintiff's carpal tunnel syndrome by limiting her ability to use her right dominant hand during the course of a workday. (T at 21).

Plaintiff offers an alternative reading of the evidence, with a particular emphasis on her subjective complaints of pain and limitation, which are undoubtedly documented in the record.

However, "[e]ven where the administrative record may also adequately support contrary findings on particular issues, the ALJ's factual findings must be given conclusive effect so long as they are supported by substantial evidence." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (per curiam) (citation and internal quotation marks omitted).

Thus, "[i]f the reviewing court finds substantial evidence to support the Commissioner's final decision, that decision must be upheld, even if substantial evidence supporting the claimant's position also exists." *Johnson v. Astrue*, 563 F. Supp. 2d 444, 454 (S.D.N.Y. 2008) (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)); *accord McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.") (citation omitted).

The "substantial evidence" standard is "a very deferential standard of review — even more so than the 'clearly erroneous' standard." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 447-48 (2d Cir. 2012) (per curiam) (citation omitted). "The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." Id. at 448 (emphasis in original) (citation and internal quotation marks omitted). "The role of the reviewing court is therefore quite limited and substantial deference is to be afforded the Commissioner's decision." *Johnson*, 563 F. Supp. 2d at 454 (citation and internal quotation marks omitted).

For the reasons discussed above, the Court finds that the ALJ's assessment of Plaintiff's RFC must be sustained consistent with this standard of review.[3]

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 37) is DENIED; the Commissioner's Motion for Judgment on the Pleadings (Docket No. 20) is GRANTED; and this case is DISMISSED. The Clerk is directed to enter final judgment and then close the file.

Dated: February 6, 2023                *s / Gary R. Jones*

                                        GARY R. JONES
                                        United States Magistrate Judge

---

[3] Plaintiff also challenges the ALJ's step five analysis.  In particular, Plaintiff argues that the hypothetical questions presented to the vocational expert during the administrative hearing did not include all of her limitations.  This argument is a restatement of Plaintiff's other challenges to the ALJ's determination and fails for the same reasons.  *See Wavercak v. Astrue*, 420 F. App'x 91, 95 (2d Cir. 2011)("Because we have already concluded that substantial record evidence supports the RFC finding, we necessarily reject Wavercak's vocational expert challenge.").